UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MATTHEW FINNEGAN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SOJOURN LLC, NICOLE PACE,<br><br>　　　　　　　　　　　Defendants. | Case No.: 21cv609 DMS (WVG)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff, a non-prisoner proceeding *pro se*, has submitted a form Complaint along with a request to proceed *in forma pauperis* ("IFP").

**A. Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court

1

prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks and citations omitted).

Here, Plaintiff's affidavit indicates he has no assets and his sole source of income is $287 per month from CalFresh. (ECF No. 2.) Plaintiff reports no monthly expenses, but states Defendant "caused Plaintiff to become homeless and bankrupt." (*Id.*) This Court finds Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(a). Accordingly, the Court grants Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**B. *Sua Sponte* Screening**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). 28 U.S.C. § 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

---

Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

Here, Plaintiff alleges he entered a lease agreement with "the defendant," after which "the defendant entered the residence, stole all property and changed door codes," and began harassing Plaintiff. (ECF No. 1 at 4.)  Plaintiff alleges this caused him to become homeless and his corporation to go bankrupt. (*Id.*)  Plaintiff does not specify where the alleged events occurred.  Based on these alleged facts, Plaintiff seeks $5 million in damages, the return of his property, and an emergency protection order. (*Id.*)

However, the basis for Plaintiff's claims is unclear.  Plaintiff cites 41 U.S.C. § 6503 as a basis for federal jurisdiction, but that section, which governs contracts made by an agency of the United States, is inapplicable here.  *See* 41 U.S.C. §§ 6503(a), 6502.  Although Plaintiff claims breach of contract, he fails to plead any facts regarding the alleged contract.  Absent a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Plaintiff's Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed IFP is **GRANTED** and the Complaint is **DISMISSED** without prejudice for failure to state a claim.

**IT IS SO ORDERED**.

Dated:  April 28, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court